Bruce A. Boice, Esq., SBN: 249296
Law Office of Boice & Associates
307 E. Chapman Ave., Suite 102
Orange, CA 92866
TEL: 949-690-8647
FAX: 949-612-0859
bboice@lawyer.com

Attorney for Debtor, Eric Conrad

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ERIC CONRAD,<br><br>Debtor.<br><br>ERIC CONRAD,<br><br>Plaintiff,<br><br>CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION, a.k.a., STATE OF CALIFORNIA BOARD OF EQUALIZATION,<br><br>Defendant(s). | Case No.: 2:21-bk-12802-WB<br><br>Adv No.:<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF TAX LIABILITY**<br><br>Date: See Summons |

**TO THE HONORABLE JUDGE OF THIS COURT AND ALL INTERESTED PARTIES:**

NOW COMES ERIC CONRAD, the Debtor, by and through his attorney, who brings this complaint against the California Department of Tax and Fee Administration ("CDTFA") (formerly the California Board of Equalization) to determine the dischargeability of Mr. Conrad's state income tax liability for tax quarters 2Q 2012, 3Q 2012, Q4 2012, Q1 2013, Q2 2013, Q3 2013, Q4 2013, Q1 2014, Q2 2014, Q3 2014, Q4 2014, Q1 2015, Q2 2015, Q3 2015, Q4 2015, Q1 2016, Q2 2016, Q3 2016, Q4 2016, Q1 2017, Q2 2017, Q3 2017, Q4 2017, Q1 2018, and Q2 2018 pursuant to 11 U.S.C. §523(a) and Fed. R. Bankr. P. 7001(6).

COMPLAINT TO DETERMINE DISCHARGEABILITY OF TAX LIABILITY - 1

In support thereof, Debtor alleges the following:

## JURISDICTION AND VENUE

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. §157 and §1334 and 11 U.S.C. §523. This is an adversary proceeding pursuant to Fed. R. Bankr. P. §7001(6). Pursuant to Fed. R. Bankr. P. 7008(a), this is a core proceeding under 28 U.S.C. §157(b)(2)(I)

Venue is proper in this district pursuant to 28 U.S.C. §1409.

## FACTS

ERIC CONRAD filed a Chapter 7 Bankruptcy on April 6, 2021. At the time of filing, Debtor allegedly owed California state sales taxes totaling approximately $82,302.34 for tax years beginning in the first quarter of 2012 through to the first quarter of 2021. See below:

| | |
|---|---|
| **Tax/Fee/Surcharge** | $39,870.70 |
| **Interest** | $28,092.88 |
| **Penalty** | $14,338.76 |
| **Other** | $    0.00 |
| **Payment / Credit** | $    0.00 |
| **Total:** | **$82,302.34** |

Mr. Conrad alleges that he filed the original California sales tax returns for the years 2012 (2Q, 3Q and 4Q), 2013, 2014, 2015, 2016, 2017, and 2018 in a timely manner, pursuant to the deadlines for filing set forth by the CDTFA, and at least 2 years prior to this bankruptcy filing. Mr. Conrad's business, K & E Pizza Inc., went out of business in 2018 and therefore he did not file sales tax returns for 2019, 2020 and 2021.

Mr. Conrad asserts and seeks confirmation that the original California sales tax returns for the tax years 2012 (2Q, 3Q and 4Q), 2013, 2014, 2015, 2016, 2017, and 2018 were due more than three years prior to the filing of the instant action, were filed more than two years before the filing of Mr. Conrad's Chapter 7 petition in this case, and were assessed more than eight (8) months prior to the filing of the Chapter 7 petition.

## CAUSE OF ACTION: DISCHARGEABILITY OF STATE SALES TAXES

The Bankruptcy Code's structure for dealing with taxes, implemented primarily in the

COMPLAINT TO DETERMINE DISCHARGEABILITY OF TAX LIABILITY - 2

nondischargeability provisions of §523(a)(1) and the priority provisions of §507(a)(8), has been described as creating a "delicate balance between priority and discharge of tax claims." *In re Savaria*, 317 BR 395, 397 (BAP, 9th Cir. 2004); citing *West v. United States*, 5 F.3d 423, 426 (9th Cir. 1993). This "delicate balance" represents a three-way tension among interests: 1) the public in collecting taxes; 2) the general creditors who lose out to excessive tax accumulation; and 3) the debtor in achieving a fresh start. *Id*. The goal of providing a fresh start to Debtor is a fundamental goal of the federal bankruptcy laws. It is meant to give "the honest but unfortunate debtor… a new opportunity and a clear field for future effort, unhampered by the pressure… of preexisting debt." *Local Loan Co v. Hunt*, 292 U.S. 234, 244 (1934).

According to §523 of the Bankruptcy Code, certain individual debts are excepted from discharge. However, it is the creditor who must prove the nondischargeability of a debt by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279 (1991). According to 11 U.S.C. §523(1)(A), a tax debt is not discharged if it is "of the kind and for the periods specified in section 507(a)(3) or 507(a)(8)." Section 507(a) describes the priority of claims in the distribution of the debtor's assets. Income tax debts are given eighth priority under §507(a)(8)(A)(i).

Pursuant to §523(a)(1)(A) and §507(a)(8)(A)(i), certain tax liabilities for which a tax return was due within three years before the filing of an individual debtor's petition is not extinguished by a discharge under the Bankruptcy Code. *Young v. United States*, 535 U.S. 43 (2002). This three year period is commonly known as the "three-year lookback period." *Id*. At 46. The United States Supreme Court held in *Young v. United States* that the lookback period is tolled while a bankruptcy petition is pending. *Id*. at 54. Therefore, if the CDTFA has a claim for taxes within the three year period prior to the filing of a bankruptcy petition, the CDTFA claim enjoys eighth priority under §507(a)(8)(A)(i) and is nondischargeable in bankruptcy under §523(a)(1)(A). *Id*. However, tax returns which are due more than three years before the debtor filed for bankruptcy become dischargeable, relieving the debtor from the obligation to pay. *Id*. At 47.

Pursuant to §523(a)(1)(B)(ii), tax debt is excepted from discharge when it is based on a late return filed "two years before the date of the filing of the petition." This rule applies only to

COMPLAINT TO DETERMINE DISCHARGEABILITY OF TAX LIABILITY - 3

tax returns which are filed after the date the return was last due or due under any extension. Under 11 U.S.C. §523(a)(1)(A) and §507(a)(8)(A)(ii), tax liabilities assessed within 240 days before the date of the filing of the petition, except during any period during which an Offer in Compromise with respect to the tax that is pending or in effect plus 30 days and any time during which there was a stay of proceedings plus 90 days, is not extinguished by a discharge under the Bankruptcy Code.

Mr. Conrad's most recent tax return (for the tax years at issue herein – 2012 (2Q, 3Q and 4Q), 2013, 2014, 2015, 2016, 2017, and 2018 were due on January 30, 2019 for tax year 2018. Mr. Conrad's business, K & E went out of business and was not operating in 2019 and therefore he did not file a sale tax return. The filing of the Chapter 7 Bankruptcy on April 6, 2021, therefore satisfies the three-year "lookback period" rule under §507(a)(8)(A)(i).

Additionally, Mr. Conrad's tax returns satisfy the two year rule of §523(a)(1)(B)(ii) because the 2012 (2Q, 3Q and 4Q), 2013, 2014, 2015, 2016, 2017, and 2018 tax returns were filed by the mandatory deadlines set forth by the CDTFA.

For 2012 (2Q, 3Q and 4Q), 2013, 2014, 2015, 2016, 2017, and 2018, Mr. Conrad's taxes were assessed by the CDTFA on September 3, 2019. More than 240 days have ran since the taxes were assessed.

Since Mr. Conrad filed for Chapter 7 Bankruptcy on April 6, 2021, Mr. Conrad's taxes are therefore dischargeable under the above analysis.

## DEMAND FOR RELIEF

**WHEREFORE**, Debtor requests declaratory relief that the sales taxes owed to the State of California for tax years 2012 (2Q, 3Q and 4Q), 2013, 2014, 2015, 2016, 2017, and 2018 are dischargeable, including all associated interest and penalties.

Dated: June 15, 2021

Respectfully Submitted,

*/s/ Bruce A. Boice*
Bruce A. Boice
Attorney for Debtor

COMPLAINT TO DETERMINE DISCHARGEABILITY OF TAX LIABILITY - 4

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Bruce A. Boice, Esq., SBN: 249296<br>Law Office of Boice & Associates<br>307 E. Chapman Ave., Suite 102<br>Orange, CA 92866<br>TEL: 949-690-8647<br>FAX: 949-612-0859<br>bboice@lawyer.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>ERIC CONRAD,<br><br><br>Debtor(s). | CASE NO.: 2:21-bk-12802-WB<br>CHAPTER: 7<br>ADVERSARY NO.: |
|---|---|
| ERIC CONRAD,<br><br>Plaintiff(s)<br>Versus<br><br>CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION, a.k.a., STATE OF CALIFORNIA BOARD OF EQUALIZATION,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____<br>Time: _____<br>Courtroom: _____ | Address:<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference. All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 2                                    F 7004-1.SUMMONS.ADV.PROC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
307 E. Chapman Ave., Suite 102, Orange, CA 92866

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
3

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|------|--------------|-----------|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016* — Page 3 — F 7004-1.SUMMONS.ADV.PROC

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>ERIC CONRAD | **DEFENDANTS**<br>CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Bruce A. Boice, Esq., SBN: 249296<br>307 E. Chapman Ave., Suite 102<br>Orange, CA 92866<br>949-690-8647 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Dischargeability of Taxes

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☒ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

Discharge of Taxes

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>ERIC CONRAD | BANKRUPTCY CASE NO.<br>2:21-bk-12802-WB ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Hon. Julia W. Brand |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Bruce A. Boice/* |||
| DATE<br>06/15/21 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Bruce A. Boice ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.